# BROGAN *v.* NATIONAL SURETY COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 171.  Argued January 30, 31, 1918.—Decided March 4, 1918.

The Act of August 13, 1894, c. 280, 28 Stat. 278, and the bonds given under it, must be construed liberally for the protection of those who furnish labor or materials in the prosecution of public work.

The act is not limited in application to labor and materials directly incorporated into the public work.  The amendment of February 24, 1905, c. 778, 33 Stat. 811, does not change it in this respect.

Where, because of special circumstances, it was clearly indispensable to the prosecution of a public work that the contractor supply board to the laborers, and board was so supplied, exclusively in the work, the price being deducted monthly from their wages, *held*, that groceries and provisions furnished the contractor and so consumed by the laborers were materials used "in the prosecution" of the work, within the meaning of the aforesaid acts and the bond given to secure the contract.

In the absence of special circumstances making the boarding of the men a necessary and integral part of the work,—as where a contractor runs a boarding house as an independent enterprise, for profit,—the case would be outside the statute.

228 Fed. Rep. 577, reversed.

THE case is stated in the opinion.

Mr. John A. Cline for plaintiff in error.

Mr. John M. Garfield, for defendant in error, upon this question, distinguished *Lybrandt* v. *Eberly*, 36 Pa. St. 347; *Bangs* v. *Berg*, 82 Iowa, 350–353; *Kollock* v. *Parcher*, 52 Wisconsin, 393; and cited *Giant Powder Co.* v. *Oregon Pacific Ry. Co.*, 42 Fed. Rep. 470; *Sears* v. *Mahoney*, 66 Fed. Rep. 860; *Sica* v. *Kimpland*, 93 Fed. Rep. 403; *Bartlett* v. *U. S. Fidelity & Guaranty Co.*, 231 U. S. 237; s. c., 189 Fed. Rep. 339; *Samuel Hastings Co.* v. *Lowrence*, 236 Fed. Rep. 1006; *Carson & Co.* v. *Shelton*, 128 Kentucky, 248; *Ferguson* v. *Despo*, 8 Ind. App. 523; *Parkinson* v. *Alexander*, 37 Kansas, 110; *Dudley* v. *Toledo A. A. & N. M. Ry. Co.*, 65 Michigan, 655; *Pennsylvania Co.* v. *Mehaffey*, 75 Ohio St. 432; *Luttrell* v. *Knoxville, L. & J. R. Co.*, 119 Tennessee, 492, as upholding the view that claims for board, food or groceries for workmen are not within either the act of Congress or state mechanics' lien statutes.

The men were paid in two mediums—money and food. It is only claimed that these groceries—this food—entered into the work contracted to be done by virtue of its having been consumed by the laborers. Therefore the conclusion of the Court of Appeals must be correct, i. e., that the

material furnished by Brogan only entered into the work under prosecution by the contractor after being transmuted into the form of physical energy and that it became related to the government contract only indirectly as labor and never as material. Brogan was not furnishing materials adapted for the construction of any part of the work to be performed under this contract, but loaned or advanced on credit to the contractor certain commodities with which the contractor paid his laborers. As found by the court below, there is not now and never has been any unpaid labor claim involved in this litigation. Money loaned to meet the payroll of the contractor has never been allowed as a lienable claim in the state courts. Nor does it give rise to a claim under the federal act. *Fidelity National Bank* v. *Rundle*, 107 Fed. Rep. 227; *Hardaway* v. *National Surety Co.*, 211 U. S. 552. See also *Parkinson* v. *Alexander*, 37 Kansas, 110; *Cadenasso* v. *Antonelle*, 127 California, 382; *City of Hamilton* v. *Stilwaught*, 11 Oh. C. C. 182; *Evans* v. *Lower*, 67 N. J. Eq. 232; *Gaylord* v. *Laughridge*, 50 Texas, 57; *Godeffroy* v. *Caldwell*, 2 California, 489; *Uralde Paving Co.* v. *City of New York*, 191 N. Y. 244; *McCormick* v. *Los Angeles Water Co.*, 40 California, 185.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This is an action against the surety on a bond given under the Act of August 13, 1894, c. 280, 28 Stat. 278, as amended by the Act of February 24, 1905, c. 778, 33 Stat. 811. The claim of Brogan, an intervening petitioner, was allowed by the District Court; but the judgment was reversed by the Circuit Court of Appeals and judgment entered against him upon the undisputed facts (228 Fed. Rep. 577). The case comes here on writ of error under § 241 of the Judicial Code.

The facts undisputed or as found by the lower court and accepted by the Court of Appeals were these: The Standard Contracting Company undertook to deepen the channel in a portion of St. Mary's River, Michigan, located "in a comparative wilderness at some distance from any settlement. There were no hotels or boarding houses" and the contractor "was compelled to provide board and lodging for its laborers." Groceries and provisions of the value $4,613.87, furnished it by Brogan, were used by the contractor in its boarding house; and were supplied "in the prosecution of the work provided for in the contract and the bond upon which this suit is based. They were necessary to and wholly consumed in such work." The number of men employed averaged 80. They were "boarded" partly on the dredges, partly in tents supplied by the contractor; all under an arrangement made with the labor unions—by which the contractor was to board the men and deduct therefor $22.50 a month from their wages. The contract and the bond executed by the National Surety Company bound the contractor to "make full payment to all persons supplying him with labor or materials in the prosecution of the work provided for in" the contract.

The supplies furnished by Brogan under these circumstances were clearly used in the prosecution of the work, just as supplies furnished for the soldiers' mess are used in the prosecution of war. In each case the relation of food to the work in hand is proximate. But the surety contends that the words "in the prosecution of" the work are not used in the bond and the act in their natural sense, but should be given a conventional meaning so as to exclude labor and materials which contribute to construction only indirectly, as do the supplies consumed by a contractor in operating his plant. In support of this position, attention is called to the fact that while the Act of 1894 provided that the bond should have "the additional

obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work;" and that suit might be brought and recovery had upon this bond by any person who had supplied "labor or materials for the prosecution of such work"; the Act of 1905 specified that recovery could be had by the persons who had "furnished labor or materials *used* in the construction or repair" of the work. But the change in phraseology is not significant. The purpose of the amendment was merely to secure to the United States preference over others in the satisfaction of its claim against the contractor. *Illinois Surety Co.* v. *Peeler,* 240 U. S. 214, 218. See Report of Committee on H. R. 13,626, 58th Cong., 2d sess., No. 2360. It was pointed out in *Mankin* v. *Ludowici-Celadon Co.,* 215 U. S. 533, 538, that "In respect to the condition of the bond required to be given, the language of the amended act is precisely the same as that contained in the act of August 13, 1894;" and in *Hill* v. *American Surety Co.,* 200 U. S. 197, 201, that "In respect to the persons entitled to the benefit of the bond there has been no material change in the act." *Illinois Surety Co.* v. *Peeler, supra,* p. 224.

This court has repeatedly refused to limit the application of the act to labor and materials directly incorporated into the public work. Thus in *Title Guaranty & Trust Co.* v. *Crane Co.,* 219 U. S. 24, 34, the claims for which recovery was allowed under the bond included not only cartage and towage of material, but also claims for drawings and patterns used by the contractor in making molds for castings which entered into the construction of the ship. In *United States Fidelity Co.* v. *Bartlett,* 231 U. S. 237, where the work contracted for was building a breakwater, recovery was allowed for all the labor at a quarry opened fifty miles away. This included, as the record shows, the labor not only of men who stripped the earth

to get at the stone and who removed the debris, but carpenters and blacksmiths who repaired the cars in which the stone was carried to the quarry dock for shipment; and who repaired the tracks upon which the cars moved. And the claims allowed included also the wages of stablemen who fed and drove the horses which moved the cars on those tracks. In *Illinois Surety Co.* v. *John Davis Co.*, 244 U. S. 376, recovery was allowed not only for the rental of cars, track and other equipment used by the contractor in facilitating his work, but also the expense of loading this equipment and the freight paid thereon to transport it to the place where it was used. As shown by these cases, the act and the bonds given under it must be construed liberally for the protection of those who furnish labor or materials in the prosecution of public work.

The Circuit Court of Appeals deemed immaterial the special circumstances under which the supplies were furnished and the findings of fact by the trial court that they were necessary to and wholly consumed in the prosecution of the work provided for in the contract and bond. In our opinion these facts are not only material, but decisive. They establish the conditions essential to liability on the bond. The bare fact that the supplies were furnished to the contractor and were consumed by workmen in its employ would have been immaterial. A boarding house might be conducted by the contractor (like some company stores concerning which States have legislated, *Keokee Coke Co.* v. *Taylor*, 234 U. S. 224) as an independent enterprise undertaken solely in order to utilize the opportunity for separate and additional profit afforded by the congregation of many laborers in the particular locality where the public work is being performed. The laborers might resort to such a boarding house in the exercise of individual choice in the selection of an eating place. Under such circumstances the furnishing of supplies would clearly be a matter independent of the work provided for in the

contract and would not entitle him who had furnished the groceries used in the boarding house to recover on the bond. But here, according to the undisputed facts and the findings of the trial court, the furnishing of board by the contractor was an integral part of the work and necessarily involved in it. Like the supplying of coal to operate engines on the dredges, it was indispensable to the prosecution of the work, and it was used exclusively in the performance of the work. Groceries furnished to a contractor under such circumstances and consumed by the laborers, are materials supplied and used in the prosecution of the public work. The judgment of the Circuit Court of Appeals is therefore reversed and that of the District Court affirmed.

*Reversed.*

MR. JUSTICE McKENNA, MR. JUSTICE PITNEY, and MR. JUSTICE McREYNOLDS dissent.