## EARLY & DANIEL CO. v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1925.)

### No. 2325.

**1. Highways ⚖➡113(5)—Construction of contractor's bond governed by law of state.**

In action on bond conditioned on contractor's payment of persons furnishing "material" for construction of road, the question whether hay and stock feed consumed by live stock employed on the road contract were "materials," within the contract, is governed by the state law.

**2. Highways ⚖➡113(5)—Hay and stock feed, consumed by live stock used in construction of road, held "materials," within contractor's bond.**

Hay and stock feed, consumed by live stock employed in the construction of a road, *held* "materials," within bond conditioned on contractor's payment to all persons furnishing "materials" in or about construction of road.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Materials.]

Appeal from the District Court of the United States for the Western District of North Carolina, at Asheville; Edwin Y. Webb, Judge.

Suit by the American Surety Company of New York against the Early & Daniel Company and others. Judgment against the named defendant, and it appeals. Reversed.

Clinton K. Hughes, of Asheville, N. C. (Frank Carter, of Asheville, N. C., on the brief), for appellant.

Julius C. Martin, of Asheville, N. C. (Martin, Rollins & Wright, of Asheville, N. C., on the brief), for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. In October, 1922, the Luck Company contracted with the state highway commission of North Carolina to furnish all labor and material and construct a road known as project No. 888. To secure the performance of the contract the contractor and the American Surety Company gave a bond which contained a provision that the contractor should "well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway all and every sum or sums of money due him, them, or any of them for all such labor and materials for which the contractor is liable."

The American Surety Company on March 6, 1924, filed its complaint in the United States District Court for the Western District of North Carolina, alleging that several suits had been brought on the bond and that it was threatened with a multiplicity of suits. On these allegations it asked that all such suits be enjoined and that "the defendant and all persons claiming any sum or sums whatsoever to be due them on account of said work and labor done and material furnished be required to litigate and determine all their rights, if any they have, in this suit." An

order was made granting the relief asked. No objection was made to the jurisdiction of the court of equity.

The appellant, the Early & Daniel Company, set up a claim in the injunction suit for one car of hay and one car of mixed live stock feed sold to Luck Company at the price of $1,678.43. The hay and stock feed were consumed by live stock employed on the road contract covered by the bond. The District Court held that the Early & Daniel Company was not a "person furnishing materials ✻ * * in and about the construction of the said roadway" and rejected the claim for payment under the bond.

[1, 2] The authorities are not in accord on the question whether coal, hay, oil, and other things consumed in the use are "material" used in the work or enterprise. The contract before us was made and was to be performed in North Carolina, and therefore the laws of that state govern. In Pocahontas Coal Co. v. Henderson Electric Light & Power Co., 118 N. C. 232, 24 S. E. 22, it was held that "material furnished" included coal consumed in running an engine used in the work. The same liberal meaning is given to material by the Supreme Court. Brogan v. National Surety Co., 246 U. S. 257, 261, 38 S. Ct. 250, 251 (62 L. Ed. 703, L. R. A. 1918D, 776). It was there said in reviewing the cases and considering the meaning of "materials [supplied] in the prosecution of the work" as used in federal statutes: "This court has repeatedly refused to limit the application of the act to labor and materials directly incorporated into the public work."

These authorities are controlling, and it is therefore unnecessary to set out the sound reasoning upon which they rest.

Reversed.