## LEVY et al. v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 7103.

Circuit Court of Appeals, Fifth Circuit.

Jan. 10, 1934.

Walter Brower and J. Kirkman Jackson, both of Birmingham, Ala., for appellants.

Frank E. Spain, of Birmingham, Ala., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Bessemer Engineering & Construction Company obtained a highway construction contract in Alabama, and sublet it in its entirety to Flowers. Union Indemnity Company was Bessemer's surety to the state for the performance of its contract; appellee, Flowers' surety to Bessemer. It brought this suit as Bessemer's assignee to hold appellee on its bond for sums paid out on account of the contract which it is claimed Flowers and his surety had obligated themselves to pay.

This case has been here before [56 F.(2d) 147]. Then the indemnity company was appellee; appellee, appellant. We reversed that judgment on a point of pleading. This time the error claimed runs through the case. It goes to the merits. It is fundamental. Adequately raised in different ways and at different stages of the case, and adequately preserved and pressed here, it may be simply and comprehensively stated thus: The District Judge erred in holding that the obligation of Flowers and his surety to hold Bessemer harmless did not extend to paying the claims for feedstuffs and supplies which Flowers had incurred to the extent of some $14,000 before he defaulted. Under the influence of this view, the District Judge struck these items from the account. Under its influence, he instructed the jury that there could be no recovery for them. Under its influence, he instructed them that, if the indemnity company refused to permit appellee to take over the work as provided in its bond, because appellee had refused to accept responsibility for these claims, this would be a breach of the bond discharging appellee. This in effect instructed a verdict against appellants, for it was their position throughout that by denying responsibility for these claims appellee had breached and abandoned its obligations and made it necessary for Bessemer and his surety to take the contract over. We take the point up to examine it.

Appellants insist that it is of controlling importance here that Flowers took Bessemer's contract completely over, and, agreeing to perform it and every part of it as the contractor had agreed to do, was a subcontractor in the fullest sense of the term, Linde Dredging Co. v. Southwest L. E. Myers Co., 67 F.(2d) 969; and that in his bond, after reciting that he had agreed with Bessemer "for the furnishing of all labor in the construction of the project," he had agreed to indemnify and hold Bessemer harmless from loss on account thereof. They argue that the special provisions of Flowers' contract, regarding the payment of labor and material, aside, its general provisions and those of the bond, obligated Flowers and his surety to pay and discharge all feedstuff and supply bills incurred by him in carrying on the work, because Bessemer's contract which he took over had written into it as a statutory term that all such bills must be paid, and Flowers' agreement to perform that contract and save Bessemer harmless from its nonperformance necessarily included this term. U. S. F. & G. Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622; Forst v. Leonard, 112 Ala. 296, 20 So. 587; Keyes v. Anderson (C. C. A.) 262 F. 748; American Bridge Co. v. Crawford (C. C. A.) 31 F.(2d) 708, 68 A. L. R. 1246. Finally, they claim to find in this clause, "The sub-contrac-

tor shall protect the contractor and the State Highway Department against all liens or claims of workmen or other, persons furnishing any material or labor for carrying out of completion of said work," and in this one, "Should there prove to be any such claims after all payments are made, the sub-contractor shall refund to the contractor all moneys which the latter may be compelled to pay in discharging such liens or indebtedness," specific agreements in terms to pay and discharge these bills. Franzen v. Southern Surety Co., 35 Wyo. 15, 246 P. 30, 46 A. L. R. 496; United States Fidelity & Guaranty Co. v. Henderson County (Tex. Com. App.) 276 S. W. 203; Brogan v. National Surety Co., 246 U. S. 257, 38 S. Ct. 250, 62 L. Ed. 703, L. R. A. 1918D, 776; Equitable Casualty & Surety Co. v. Helena Wholesale Groc. Co. (C. C. A.) 60 F.(2d) 380; Fitzgerald v. Neal, 113 Or. 103, 231 P. 645, 650; United States v. W. H. French Dredging & Wrecking Co. (D. C.) 52 F.(2d) 235; Early & Daniel Co. v. American Surety Co. (C. C. A.) 5 F.(2d) 670.

Appellee looks at the case quite differently. It admits that Flowers took over Bessemer's contract with the state, but it urges that the payment of the bills for supplies and feedstuffs was no part of that contract; that Bessemer's agreement to pay them was not found in his contract, but in the bond he made, and that it is unreasonable to state that Flowers took over or agreed to pay Bessemer's bond. It argues further that, while it may not be denied that the cases do generally hold that, when used in statutory bonds required in connection with public projects, an agreement to pay material and labor bills is construed liberally, and usually so as to include feedstuffs and supplies, the bond it signed is not a statutory, but a common-law, bond. It urges that the term "materials" when used in such a bond requires a construction more in accordance with its natural meaning, and that this is made more manifest by contrasting the language of the statutory bond given by Bessemer with that of the common-law bond given by Flowers. It urges that no other construction can be drawn from the use in the one bond of the additional words, "supplies and feedstuffs" and their omission from the other, than that it was the intention of Bessemer and Flowers to contract with each other more narrowly in this respect than Bessemer and the state had contracted; that this view makes inapplicable the authorities cited by appellants for a broad construction.

We cannot at all agree with appellee that anything in the record even colorably supports the view, that, in the sense of a real and actual intent, Bessemer intended to turn over to Flowers the entire performance of his contract without substituting Flowers in his place throughout, both as to performance and as to liability. We think it would be unreasonable to find such an intent. We cannot then attribute to the choice of the language in Flowers' contract with Bessemer the intention to limit Flowers' liability to him, nor construe the words used, in the light of such supposed intent. We must construe them in the light of the entire situation, of the other portions of the contract, and of their accepted judicial meaning. So construing them, we are without doubt that Flowers was bound, and his surety was, to pay and discharge all the claims he had properly incurred in connection with the prosecution of the work for feedstuffs and supplies, and that appellants, having paid them, may recover them back.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent herewith.