## AMERICAN SURETY CO. OF NEW YORK v. UNITED STATES ex rel. BARROW-AGEE LABORATORIES, Inc.

### No. 7534.

Circuit Court of Appeals, Fifth Circuit.
March 12, 1935.

E. Wayles Browne, of Shreveport, La., for appellant.

Whitfield Jack, of Shreveport, La., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The American Surety Company, as surety on the bond of a contractor for public work of the United States under 40 USCA § 270, the work being the construction of gravel roads, was held liable to pay Barrow-Agee Laboratories, Inc., for services in inspecting and testing the gravel used, and appeals. The bond as required by the statute is conditioned for the performance of the contract and for the prompt payment of all persons supplying the contractor with labor and materials in the prosecution of the work. The contract calls for the material to be a mixture of clay, sand, and gravel, of which 60 to 65 per cent. shall be gravel retained on a one-quarter inch screen, the residue to be 20 to 30 per cent. sand and 10 to 15 per cent. clay. The material was to be subject to inspection at any time by the United States, and any not up to specification to be removed and replaced at the contractor's expense. To avoid such occurrences the engineer of the United States required the materials to be tested before being put into the road, and appellee was employed by the contractor to do the testing at 5 cents per cubic yard. To this end appellee placed a man at the gravel pits and one on the road under construction. The former took shovelfuls of material from the loaded trucks as samples, placing them in a pile, and the latter prevented the unloading of any trucks which had not been passed by the sampler. At convenient intervals the two men mixed the samples together and "quartered and requartered" to obtain an average sample which was tested by drying it artificially and sifting it, separating, and weighing the gravel, sand, and clay obtained. If, as most commonly happened, the gravel was found short, additional gravel was added upon the road. The work of testing involved considerable physical labor and some experience and skill. An ordinary workman could do it after being shown and having some practice.

The question is whether upon these facts the judge, by stipulation acting with-

out a jury, could find that this was "labor" and was "supplied in the prosecution of the work" within the terms of the bond. In spite of the technical and scientific connotations of appellee's name, we think it was supplying labor. A corporation cannot be itself a laborer, but it is a person, and it can supply labor. That the statute in the expression "all persons supplying * * * labor" included corporations is plain by the words which follow: "And any person, company, or corporation who has furnished labor or materials * * * shall have the right to intervene. * * *". The words of the statutory bond, of course, mean the same thing. Compare Wetzel & T. Ry. Co. v. Tennis Brothers Co. (C. C. A.) 145 F. 458, 7 Ann. Cas. 426; 1 USCA § 1.

It may be true that the term "labor" in this statute, as generally in statutes relating to mechanics' liens, refers to physical labor rather than technical and professional skill and judgment, but an architect or other skilled man who actually superintends the work as it is done is by the weight of authority furnishing labor. Breeding v. Melson, 4 W. W. Harr. (Del.) 9, 143 A. 23, 60 A. L. R. 1252, and note. It was so held under the federal statute where the superintendent did some manual labor in Bankers' Surety Co. v. Maxwell (C. C. A.) 222 F. 797. See, also Flagstaff Silver Mining Co. v. Cullins, 104 U. S. 176, 26 L. Ed. 704; Massachusetts Bonding Co. v. Steel (Tex. Civ. App.) 293 S. W. 647; Continental Bank v. North Platte Co. (C. C. A.) 219 F. 438; Central Trust Co. v. Richmond, N. I. & B. R. Co. (C. C.) 54 F. 723. In the present case, while skill and judgment were exercised, the evidence is that the taking and preparation of the samples was hard physical labor, and the testing involved such labor as well as skill and judgment. A carpenter and a stonemason use skill and judgment along with their labor, but we are sure that what they do is labor under the statute, and so we hold was the work of appellee's men.

And the labor was supplied in the prosecution of the work. The construction of the federal act on this point is to be liberal, and it is not necessary that the labor go directly into the construction if it be necessary to and forwards the work at the time. Brogan v. National Surety Co., 246 U. S. 257, 38 S. Ct. 250, 62 L. Ed. 703, L. R. A. 1918D, 776. If concrete were being laid, the men who apportion the ingredients and see that they are kept constant would certainly be engaged in the prosecution of the work. Workmen on the ground who measure and make sure of the dimensions of wood or steel materials would be so engaged. Though the samples of gravel taken and tested did not themselves enter the road, they were the appropriate means of checking what was going into it and of preventing the necessity of later removals of improper material which would be at the cost of the contractor and of this bond. This sensible precaution which was required by the government engineer who could order inspections at any time by the terms of the contract, and which operated to save the bond from other liabilities, cannot rightly be contended by the surety to be outside the prosecution of the work.

Judgment affirmed.