## UNITED STATES FIDELITY & GUARANTY CO. v. TEXAS POWDER CO.

### No. 3154.

Court of Civil Appeals of Texas. El Paso.
Oct. 24, 1935.

Rehearing Denied Nov. 27, 1935.

Hart Johnson, of Ft. Stockton and Seay, Malone & Lipscomb, of Dallas, for appellant.

W. C. Jackson, of Ft. Stockton, and A. C. Scurlock, of Dallas, for appellee.

WALTHALL, Justice.

Appellee, the Texas Powder Company, brought this suit against certain members of the Texas Highway Department, E. R. Leach, contractor, and appellant, United States Fidelity & Guaranty Company, surety for contractor Leach on his contractor's bond. In the suit the Texas Powder Company seeks to recover the value of certain materials consisting principally of dynamite, electric blasting caps, and fuse, duly itemized as to date of delivery, quantity, description and value, and interest, alleged to have been furnished to E. R. Leach, contractor, on two road improvement projects let to Leach by the state of Texas, acting through the highway department. The United States Fidelity & Guaranty Company, hereinafter referred to as the company, was joined as defendant in the suit as surety for contractor Leach on two bonds required of Leach, by the state, in accordance with the provisions of article 5160 of the Revised Civil Statutes of 1925, and the amendments thereto (Vernon's Ann.Civ.St. art. 5160), on the two road improvement projects mentioned.

The suit was for $3,173.32, with interest from January 1, 1933, until paid.

The plaintiff's suit against the members of the highway department was voluntarily dismissed, and we need not state the pleading as to them. The surety company denied any liability to the Texas Powder Company for the material sold and delivered to the Contractor Leach to be used on either of the two jobs in question, for the reason and on the ground that none of the said material sold and delivered to contractor Leach, and for which plaintiff sues, was used on either of the two jobs in question, and that the plaintiff, the Texas Powder Company, had not complied with the requirements of article 5160, and its related articles, in the filing of its claim with the. county clerk of Pecos county, Tex., either as to form or within the time required.

The two contracts entered into between the state of Texas, acting by the state highway engineer, Gib Gilchrist, and Contractor E. R. Leach, are made exhibits and made a part of the record; also the two bonds executed by Contractor Leach and the company are each made an exhibit and a part of the record. They are each in the usual form of such instruments. We need not quote them. One bond is in the sum of $107,805.77, and conditioned that if the principal, Leach, shall in all things well and truly perform all the terms and conditions of the foregoing contract to be by them (him) performed, and within the time therein mentioned, and shall pay all lawful claims for labor performed and material furnished in and about the construction of said road

bridge and shall have paid and discharged all liabilities for bridge injuries which have been incurred in and about the said construction, under the operation of the statutes of the state, then this obligation to be void; otherwise to be and remain in full force and virtue. The bond was duly signed, and sealed, and done in the presence of witnesses. The other bond is in the sum of $4,046.96, and conditioned as the one above stated and signed by E. R. Leach and the company.

In the record are two affidavits by M. O. Briggs, assistant secretary of the Texas Powder Company, addressed to E. R. Leach Construction Company, the company, the board of county commissioners of Pecos county, and the state highway department, and giving the address of each, and purporting to give notice of the matters therein set out, claiming the right to collect under article 5160, and other Texas Statutes applicable, for material and supplies sold and delivered on open account to said E. R. Leach Construction Company as contractor on the two jobs in question. Attached thereto is an itemized statement of the account. The affidavits state that the attached account is true and correct, that it is due and unpaid, and all charges and lawful offsets, payments, and credits have been allowed. The items embraced in the accounts are the items sued for.

Contractor Leach filed no answer.

The trial was had to a jury; at the conclusion of the evidence the court, over objection, instructed a verdict for the plaintiff, the Texas Powder Company, as to both defendants, Leach and the company.

The court overruled the company's original and amended motions for a new trial, and the company alone prosecutes this appeal.

#### Opinion.

While appellant filed many assignments of error and submits many propositions, assigning error, under the view we take of the case we need consider only one proposition.

Upon the trial it was agreed that the several items of the material shown in the account sued upon was delivered to E. R. Leach in Ft. Stockton, Pecos county, Tex., as alleged in appellee's petition, and that Leach began actual work on the two Pecos county jobs about October 8, 1932, and that Leach quit work about November 28, 1932, at which time it was declared Leach was in default, by the state.

The undisputed evidence heard shows, and it was admitted by appellee in oral argument on the submission of the case, that none of the material sued for was used on either of the two jobs bonded by the appellant company.

Briefly stated, the evidence shows:

J. W. Mathews, superintendent in charge of the two road improvement jobs, testified that the Texas Powder Company shipped a quantity of blasting material to Leach; that after the material arrived a portion of it was loaded out and sold to be used on another and different job; that the balance of the material was sent to the job site of the work being done by Leach, and there stored; that no portion of said material was used on either job.

J. Leeper Gay, bookkeeper for Leach, testified by deposition, taken by appellee, that he was at the job practically all the time, and that none of the materials received from appellee were used on the job.

P. H. Caldwell, resident engineer for the state highway department at Ft. Stockton, testified that it was his duty to supervise the construction work Leach had contracted; that he was on the job; that it was his duty to know what work was being done on the job, and that he did know and that none of the dynamite was used; that the purpose of the dynamite was to loosen the caliche, and that to use it, it would be necessary to have drilled holes for the placement of the dynamite sticks; that no holes were ever drilled; that there was a compresser machine on the job to be used in drilling the holes, but that he understood it was out of order and it was never used; but one caliche pit was opened up and used, and that no dynamite was used on it as far as he knew.

Garland Odom, inspector for the state highway department under Caldwell, testified: Was on the job every working day; made reports each day on the progress of the work; but one pit was opened up; that was done with the power shovel, and it was not necessary to use any dynamite on that pit; never did see any powder or dynamite used on the job.

Article 5160 of the Revised Civil Statutes of 1925, as amended in 1929 (Vernon's Ann.Civ.St. art. 5160), is the article under which the bond in this case was given. That article provides, in part, that, "Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public build-

ing or public work, and payment for which has not been made," has the right of action on the bond of the contractor, and to have their rights and claims adjudicated in such action.

The said article has a provision as to a claim for labor and material furnished the contractor as to itemizing lien claims and filing same with the county clerk, but the claim sued on not being a lien claim, we need not consider that provision of the statute.

Article 5161 of the statute provides that if no suit by the state or municipality is brought within six months from the completion and final settlement of said contract, then the one furnishing the contractor with labor and material shall, upon application therefor, and furnishing affidavit to the state or municipality that labor or materials for the prosecution of such work has been supplied by him and payment for which has not been made, he shall be furnished with a certified copy of said contract and bond, upon which he shall have the right of action against the contractor and his surety on the bond.

Some of appellant's propositions assert error to the court's instruction to the jury for the reason that the evidence shows that appellee's statement of account filed with the county clerk was filed more than 90 days after delivery of the materials, and that no statement of account was filed within 90 days, and no evidence to show when such statement was filed.

Under the undisputed evidence in the case that the materials delivered to the contractor Leach by appellee were not used on either of the two jobs, and in view of the fact that the appellant bondsman alone prosecutes this appeal, and there being no mechanic's lien claim involved in this controversy, we will consider only the right of appellee, the materialman, to a judgment against the appellant for the value of the materials not used.

The federal courts and our state courts, in several cases, have stated that material, though furnished the contractor for the jobs contracted but not used on the jobs, is not covered by the bond given under article 5160.

The case of Republic National Bank & Trust Co. v. Massachusetts Bonding & Insurance Co. (C.C.A.) 68 F.(2d) 445, 450, was appealed from a decree in equity which dealt with the claims of furnishers of materials and supplies in the building of an airport for the city of Dallas, Tex., by a contractor under a bond on which the appellee bonding company was surety, and where one of the questions presented was the liability of the surety on the bond. In that case the Circuit Court of Appeals, Fifth Circuit, held that under the Texas statute material delivered but diverted from the job by the contractor "is not used in the construction" as respects liability on the contractor's bond, and that the materialman in such case must look to the contractor.

In United States Fidelity & Guaranty Co. v. Henderson County, 253 S.W. 835, 843, in which the words "and material furnished" were left out of the bond, the Beaumont Court of Civil Appeals read the statute, article 5160, into the bond, and said: "These appellees (the materialmen) rested under the burden of showing that the lumber was material used in the construction of the road; that is, that it was entirely consumed in such work. The showing made does not meet that burden, and therefore the trial court correctly denied them a recovery."

The court referred to a number of cases in this state and in other jurisdictions as sustaining its holding, and to which we refer without stating them here. The decision of the Beaumont Court was affirmed by the Commission of Appeals in 276 S. W. 203.

In B. F. & C. M. Davis Co. v. W. E. Callaghan Construction Co., 298 S.W. 273, 275, the Commission of Appeals reversed the Court of Civil Appeals, Southern Surety Co. v. W. E. Callahan Construction Co., 283 S.W. 1098, in which it held the surety on the bond liable for goods sold to the contractor where such goods were appropriate for the use for which they were sold, though there was no showing that the goods had in fact ever been used in the performance of the contract for which they were sold. The opinion of the Commission of Appeals discusses many questions not relative to the case here, and we refer briefly to only that part which we think directly applicable to the question here presented. The Commission of Appeals referred to and quoted with approval from the case of Brogan v. National Surety Co., 246 U.S. 257, 38 S.Ct. 250, 62 L.Ed. 703, L.R.A. 1918D, 776, and also from the Henderson County Case, supra, after which it is said: "Before they [the creditors] can hold the surety company on its bond, they must show that the supplies [the goods] went into the

prosecution of the work covered in the contract. Otherwise, their recovery would be limited to that portion of the goods, etc., which did go into such work."

While there are authorities to the contrary, we think our Texas courts have settled the question for this state, holding that, in suits against the surety on the bond under article 5160, the creditor must show that the material for which he claims was actually used and consumed in the work performed by the contractor.

The case seems to be fully developed on the matter we have discussed. The case is reversed as to appellant surety, and here rendered in appellant's favor. The judgment is undisturbed in all other respects.

Reversed, and rendered in part, and affirmed in part.