## STANDARD ACCIDENT INS. CO. v. UNITED STATES, for Use and Benefit of POWELL et al.
### No. 8327.

Circuit Court of Appeals, Fifth Circuit.
April 14, 1937.

Stuart B. Warren, of St. Petersburg, Fla., for appellant.

Jno. Bell, of Tampa, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is surety on a post office construction bond given pursuant to section 270, title 40 U.S.C.A.[1] Appellee is a carrier, which, having transported materials used in the work, sued upon the bond for its unpaid freight bills. Appellant's demurrer, that a railroad company as to freight charges, is not, within the meaning of the bond, "a corporation who has furnished labor or materials used in the construction or repair of any public building or public work" was overruled, and the facts being admitted, judgment went for plaintiff.

Appellant insists that except for our decision in City of Stuart, for Use and Benefit of Florida East Canal R. Co. v. American Surety Co., 38 F.(2d) 193, both reason and authority support its claim that the carrier furnished neither labor nor materials to the work. It urges us to re-examine that case, and either disapprove its holding or confine its effect to a bond worded literally and precisely as that one was. It urges upon us, in short, a return to our earlier decision, United States v. Hyatt (C.C.A.) 92 F. 442, which the Stuart Case, though not expressly, has impliedly overruled.

In support of this urging, it invokes dictionary definitions, and relies upon what it assumes to be the intent and reason of the law. Its argument brings forward all the reasons advanced, in the cases it relies on, for a strict construction of the bond, and a denial to common carriers of its protection. These reasons, particularly the existence of the carrier's lien and the indirectness of its claim of furnishing, were all examined and rejected in the City of Stuart Case, and the cases cited in it, and in later decided cases affirming and approving it.

It will serve no purpose for us to thresh again this old straw. It is sufficient for us to say that we disapprove the ruling and teaching of the Hyatt Case. We approve that in City of Stuart v. American Surety Co.

In addition to the cases it cites, attention may be called to the following cases, either citing it with approval or announcing adherence to the same principle, a broad and liberal construction of the statute and bond. United States v. Hercules Co. (D.C.) 52 F.(2d) 451; United States, to Use of Galliher & Huguely, v. James Baird Co., 64 App.D.C. 12, 73 F.(2d) 652; Equitable Casualty Co. v. Helena Grocery Co. (C.C.A.) 60 F.(2d) 380; Holloway & Dupont Dredging Co. v. Des Rocher Co. (C.C.A.) 57 F.(2d) 864; American Surety Co. of New York v. United States (C.C.A.) 76 F.(2d) 67; Republic Nat. Bank & Trust Co. v. Massachusetts Bonding & Ins. Co. (C.C.A.) 68 F.(2d) 445; Levy v. United States Fidelity & Guaranty Co. (C.C.A.) 68 F.(2d) 329; Massachusetts Bonding & Ins. Co. v. United States, for the use of Clarksdale Machinery Co. (C.C.A.) 88 F.(2d) 388.

Affirmed.

---

[1] Repealed by Act of August 24, 1935, 49 Stat. 794 (40 U.S.C.A. §§ 270a–270d notes), but with a saving clause as to existing contracts and bonds.