HORACIO BATLLE, Plaintiff and Appellant, *v.* JOSÉ PEREYÓ ET AL., Defendants and Appellees.

No. 9393. Argued June 3, 1947.—Decided July 21, 1947.

*Enrique Báez García* for appellant. *Francisco González, Jr.,* for defendants Luis Pereyó and Juan Torruellas.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On April 30, 1941, the defendant José Pereyó entered into a contract with the Department of the Interior of Puerto Rico, whereby he undertook to construct for the latter 3.6 kilometers of highway in the ward of Leguísamos, Mayagüez. Pursuant to the provisions of § 425 of the Political Code and § 5 of Act No. 31 of April 23, 1931 (Laws of 1931, p. 340), Pereyó filed a bond in the sum of $4,504, in favor of The People of Puerto Rico, and, in order to carry out the contracted work, he made another contract with the plaintiff, Horacio Batlle, whereby the latter bound himself to furnish the block stone, the 2-inch crushed stone, the gravel, and the sand that Pereyó might need. These materials were furnished by the plaintiff to Pereyó for the total sum of $3,948.02, of which Pereyó paid only $1,094 on account, leaving a balance of $2,854.02 in favor of the plaintiff. In order to recover said balance, Batlle brought an action against José Pereyó as well as against Juan Torruellas and Luis Pereyó, as sureties of the bond already mentioned. The action was originally brought in the District Court of Mayagüez but subsequently transferred to the District Court of Humacao. The latter, after a trial on the merits, sustained the complaint as to defendant José Pereyó, and dismissed it as to the sureties. Feeling aggrieved by that judgment, the plaintiff has appealed to this Court and in the brief filed only maintains that

the lower court "erred in dismissing the complaint as to de-fendants Luis Pereyó and Juan Torruellas."

We are not dealing here with an action brought against the owner of the work pursuant to § 1489 of the Civil Code, 1930 ed., but rather with an action upon a bond, instituted perhaps in accordance with the second paragraph of § 1209 of the Civil Code, 1930 ed.[1]

The appellants admits that this Court in *Municipality of Fajardo et al.* v. *Axtmayer, et al.,* 31 P.R.R. 780 and *Morales* v. *Chabert,* 43 P.R.R. 114, definitely stated the rule to be followed in Puerto Rico in cases of this nature. Nevertheless, he maintains that he has reached the conclusion that the doctrine laid down in those cases should be discarded, since it is obsolete, in view of the present tendency of law and the overwhelming weight of the authorities. Let us see.

The bond given, after stating that the principal and the sureties were firmly bound *in favor of The People of Puerto Rico,* expressly provides:

"THEREFORE, if José Pereyó shall execute and comply exactly with all the agreements and conditions of said contract . . . *and shall promptly satisfy all payments to laborers and for materials pertaining to the execution of said contract;* then the present obligation shall be cancelled; otherwise it will remain in full force and effect." (Italics ours.)

Has this stipulation the effect of making liable the sureties of José Pereyó for any sum up to the amount of the bond that he might owe to the person who furnished the mate-

---

[1] "Section 1489.—Those who furnish their labor and materials in a work agreed upon for a lump sum by a contractor have no action against the owner, except for the amount the latter may owe the former when the action is brought.

"Section 1209.—.   .   .   .   .   .   .   .   .

"Should the contract contain any stipulation in favor of a third person, he may demand its fulfilment, provided he has given notice of his acceptance to the person bound before it may have been revoked."

The balance existing in the hands of the government in favor of the contractor Pereyó had already been attached in an independent action brought by the firm Víctor Braegger, Inc., in the United States District Court for the District of Puerto Rico.

rials necessary for him to execute the work? Absolutely not. The question, as the appellant concedes, has repeatedly been decided by this Court in the above-cited cases as well as in *Sucs. de L. Villamil & Co.* v. *Chabert et al., per curiam* decision published in 43 *D.P.R.* 1027.[2] It is true that in the cases cited by the plaintiff—*United States* v. *American Surety Co.*, 200 U. S. 197, 50 L. ed. 437; *Equitable Surety Co.* v. *United States*, 234 U. S. 448, 58 L. ed. 1394; *Illinois Surety Co.* v. *John Davis*, 244 U. S. 376, 61 L. ed. 1206, and *Brogan* v. *National Surety Co.* 246 U. S. 258, 62 L. ed. 703— it has been decided that "the right of laborers and materialmen to recover on a bond executed in connection with public works or improvements, where the bond contains a condition for their benefit and is intended for their protection, although the public body is the only obligee named therein, and there is no express provision that such third parties shall have any rights thereunder, is affirmed by the great weight of authority."[3] However, the case cited by him and the ones examined by us, from among those which appear in the works mentioned in note 3, have been decided construing statutes which expressly give to the laborers and the materialmen a clear right to sue the sureties of the contractor, after having complied with certain requisites which are specified in the statutes themselves, or applying the so-called "American doctrine" regarding contracts which contain stipulations in favor of third persons (*pour autrui.*[4])

In Puerto Rico, however, "*security* is not presumed; it must be express *and can not be extended further than that specified therein.*" Section 1726 of the Civil Code. Therefore, it should be strictly construed. Applying this and other provisions of our Civil Code, we have reached the

---

[2] Cf. *Glens Falls Indemnity Co.* v. *Lluch*, 61 P.R.R. 822.

[3] See also 77 A.L.R. 83, 118 A.L.R. 71, and 43 Am. Jur. § 155, p. 896.

[4] See the second paragraph of § 1209 of the Civil Code, 1930 ed.

For an ample discussion of the doctrine regarding stipulations "pour autrui" see *Allen & Currey Mfg. Co.* v. *Shreveport Waterworks Co.*, 113 La. 1091, 37 So. 980.

conclusion that under bonds of the kind involved herein the persons furnishing materials to those who contract with the government have no right of action against the sureties of the contractor. We are not now concerned with the application of common-law doctrines but with the construction of civil-law principles.

Other civil-law jurisdictions, where the same principle stated by us in *Municipality of Fajardo et al.* v. *Axtmayer et al., Morales* v. *Chabert,* and *Sucs. de L. Villamil & Co.* v. *Chabert, supra,* has been upheld, are the State of Louisiana and the Philippine Islands. In said State we find the following decisions: *Carolina Portland Cement Co.* v. *Carey & Boettner,* 145 La. 773, 82 So. 887; *Allen & Currey Mfg. Co.* v. *Shreveport Waterworks Co.,* 113 La. 1091, 37 So. 980, and *Salmen Brick & Lumber Co.* v. *Le Sassier,* 106 La. 389, 31 So. 7. In the Philippines we find the case of *Uy Tam and Uy Yet* v. *Leonard,* 30 Phil. Rep. 472, which we cited with approval in our decisions already mentioned.

On the other hand, when by Act No. 31 of April 23, 1931 (Laws of 1931, p. 340), our Legislature provided (§ 6) that "Any laborer or employee failing to receive his wages in accordance with the provisions of this Act, may bring an action against the contractor, in case the latter gave bond either in cash or by certified check, or against the bonding company in all other cases, claiming the total amount of such wages earned by him as he may have failed to receive," it did so with full knowledge that ever since May 11, 1923, when the case of *Municipality of Fajardo et al.* v. *Axtmayer et al., supra,* was decided, this Court had held that there was no contractual relation whatsoever between the materialman and the sureties, the former not being a party to the contract or to the bond, and that, therefore, the materialman could not recover from the sureties. Since said Act was approved only for the benefit of the workmen, we could repeat here what was said in *Salmen Brick & Lumber Co.* v. *Le Sassier, supra,* to wit: ". . . the fact that such an Act was passed

626

indicates that, in the opinion of the lawmakers . . . the materialmen have otherwise no direct action on the bond given by the contractor to the owners." Moreover, subsequent to the year 1931, when the above-mentioned Act protecting laborers was approved, this Court decided the case of *Morales* v. *Chabert* (1932), *supra,* ratifying the doctrine which it had laid down nine years before in *Municipality of Fajardo et al.* v. *Axtmayer et al.* (1923); over fifteen years have elapsed since the rendition of the above-cited decision of February 16, 1932, and the lawmaker has not deemed it advisable to enact a law similar to that of 1931 in order to safeguard the rights of materialmen.

In these circumstances, we can not but confirm our previous decisions on the matter.

The judgment appealed from will be affirmed.