UNITED STATES of America For Use and Benefit of NABERHAUS-BURKE, INC., Plaintiff,

v.

BUTT & HEAD, INC., et al., Defendants.

No. C–3–80–453.

United States District Court, S. D. Ohio, W. D.

March 26, 1982.

Don R. Gardner, Cincinnati, Ohio, for plaintiff.

Robert Bruce Shearer, Dayton, Ohio, for defendants.

DECISION AND ENTRY ADOPTING RE-PORT AND RECOMMENDATION OF MAGISTRATE IN ITS ENTIRETY; DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE OVERRULED; DEFENDANTS' MOTION FOR SUM-MARY JUDGMENT OVERRULED; ORDER OF REFERENCE TO MAGIS-TRATE ORDERED AMENDED

RICE, District Judge.

This case, filed in this Court pursuant to the Miller Act, 40 U.S.C. §§ 270a–270d, involves an effort by the Plaintiff to recover monies from a surety. Defendants filed a motion for summary judgment (Doc. # 10), and in a Report and Recommended Decision (Doc. # 18), the United States Magistrate recommended that said motion be overruled. The matter is before this Court upon Defendants' motion to review said Report (Doc. # 19), made pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons set forth below, the Defendants' objections to said Report are overruled. Accordingly, Defendants' motion for summary judgment is overruled.

I. FACTUAL BACKGROUND

The Magistrate's Report ably summarized the disputed and undisputed facts in this case, and said facts need not be recited at great length herein. This action, as previously mentioned, is based on the Miller Act. Under said Act, a contractor constructing a building for the United States must furnish a performance bond and a payment bond with a satisfactory surety. 40 U.S.C. § 270a(a). The Act further provides that every "person who has furnished labor or material in the prosecution of work provided for" in a contract, may sue on the payment bond for unpaid amounts, provided said person has a direct contractual relationship with a subcontractor or the prime contractor. 40 U.S.C. § 270b(a). To bring an action in court, said person must give written notice to the contractor "within ninety days from the date on which such person did or performed the last of the

labor or furnished or supplied the last of the material for which such claim is made," *id.*, and file suit within "one year after the day on which the last of the labor was performed." 40 U.S.C. § 270b(b).

The Magistrate's Report summarized the undisputed facts in this action, filed by the Plaintiff NA Engineering Company (hereinafter NA), a division of Naberhaus-Burke, Inc.:

> The following facts are set forth in the pleadings and are undisputed: The United States of America entered into a written contract with Defendant Butt & Head, Inc. (hereinafter Butt & Head), the prime contractor, to furnish all labor and materials to perform all work required for Wright Patterson Air Force Base, Dayton, Ohio. Butt & Head, in turn, subcontracted with J&D Erection, Inc. (hereinafter J&D) to perform certain obligations of the prime contractor. J&D then subcontracted with Plaintiff NA to furnish calculations and certain specified shop drawings for the project. In order to protect the subcontractor's labor and materials invested, Butt & Head furnished a payment bond, pursuant to 40 U.S.C. § 270a, naming Defendant Federal Insurance Company as surety (hereinafter Federal). Upon completion of Plaintiff's contractual duties, Plaintiff demanded payment from J&D for the outstanding balance of $22,140.00 due on the contract. Such payment was not made. Plaintiff then demanded payment from Federal.

Report at 1.

The complaint further alleges that the last date on which Plaintiff furnished services under the sub-contract was May 27, 1980 (Complaint, ¶ 9). Written notices to the contractor are alleged to have been served on March 28, 1980, April 7, 1980, and June 11, 1980 (Complaint, ¶ 10). The complaint was filed on October 22, 1980. On December 18, 1980, this Court referred the case to the United States Magistrate (Doc. # 6), pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) and Fed.R.Civ.P. 53(c). Defendants thereupon moved for summary judgment (Doc. # 10).[1] This motion was overruled.

## II. REVIEW OF THE MAGISTRATE'S REPORT; REPORT ADOPTED IN ITS ENTIRETY

■■■■ The Magistrate made his recommendation, with respect to the summary judgment motion, pursuant to 28 U.S.C. § 636(b)(1)(B). Upon review, this Court must make a de novo determination of those portions of the report to which objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); *Pope v. Harris*, 508 F.Supp. 773, 775 (S.D.Ohio 1981). This Court will consider Defendants' objections to the Magistrate's Report under this standard.

Consideration of said objections will require this Court to briefly review the relevant case law under the Miller Act. Defendants moved for summary judgment on two principal grounds, to wit:

(1) Plaintiff was not a "person" furnishing "labor" who could bring suit under § 270b; and

(2) even if Plaintiff was a statutorily defined "person," it did not give the required notice to the contractor within 90 days, § 270b(a), and did not file suit within the one-year limit, § 270b(b).

A review of the Miller Act provisions, and relevant case law, will aid in delineating Defendants' grounds in support of their summary judgment motion.

[3] The Magistrate capably and correctly summarized the relevant case law. Report at 2–3. The Miller Act is designed to provide an analogue to mechanic's liens utilized with private construction projects. Although intended to be remedial in nature and liberally construed, the Act is not to be applied so as to impose wholesale liability

---

1. While the motion states that "defendant" is so moving, the attorney of record, as indicated on the cover page of the motion itself, represents *both* Defendants, and said motion will be treated as if it was made by both defendants.

on payment bonds. *Clifford F. MacEvoy Co. v. United States ex rel. Calvin Tomkins Co.*, 322 U.S. 102, 107, 64 S.Ct. 890, 893, 88 L.Ed. 1163 (1944); *J. W. Bateson Co., Inc. v. United States ex rel. Board of Trustees*, 434 U.S. 586, 594, 98 S.Ct. 873, 877, 55 L.Ed.2d 50 (1978).

While case law interpreting the word "labor" in § 270b(a) is relatively sparse, the word has been construed to include physical toil, but not work by a professional, such as an architect or engineer. However, the term does include an architect or another professional who actually superintends the work as it is done on the job site. *American Surety Co. v. United States ex rel. Barrow-Agee Labs.*, 76 F.2d 67, 68 (5th Cir. 1935); *J. J. Henry Co. v. United States*, 411 F.2d 1246, 1252–53 n.7, 188 Ct.Cl. 39, 45–46 n.7 (1969); *National Bank of Newark v. Terminal Const. Corp.*, 217 F.Supp. 341, 360 (D.N.J.1963), *aff'd. per curiam*, 328 F.2d 315 (3rd Cir. 1964). In addition, the term has been construed to include a consulting engineer responsible for inspecting a job while in progress. *United States ex rel. Charles H. Thayer v. Metro Const. Co.*, 330 F.Supp. 386, 387–88 (E.D.Va. 1971). Based on this review of the case law,[2] the Magistrate concluded that:

> Plaintiff must have provided services in the nature of supervision or inspection to satisfy the "labor in prosecution of the work" provision of the Miller Act, 40 U.S.C. § 270b.

Report at 2. This Court agrees with the Magistrate's conclusion.

Defendants argue that Plaintiff, an engineering firm, did no supervising or inspecting at the job site, and thus did not furnish "labor" so as to come within the ambit of the Miller Act. In any event, Defendants contend that Plaintiff last billed work on the contract on June 19, 1979, and that, as a result, the notices and complaint were filed long after the 90-day and one-year statutory minimums, respectively.

In support of these contentions, Defendants submitted a number of documents concerning Plaintiff's performance under the contract. The contract itself (Doc. # 10, Exh. 1) between Plaintiff and J&D does not make any specific reference to Plaintiff providing on-site services. An affidavit sworn to by Garth Williams (Doc. # 10, Exh. 10), an employee of Butt & Head, stated that one of Plaintiff's engineers, E. Paul Naberhaus, only briefly visited the job site on two occasions. Another document (Doc. # 10, Exh. 12), an invoice, indicates that Plaintiff completed billing on the aforementioned contract on June 19, 1979. Finally, Defendants submitted several letters exchanged between Plaintiff and J&D which indicate, Defendants argue, that any work Plaintiff *did* perform after June 19, 1979, was simply not supervisory in nature. (Doc. # 10, Exhs. 4–9).

In its memorandum contra (Doc. # 14), Plaintiff also submitted a large number of

---

**2.** The Magistrate also cited, in support of his reasoning, Ohio case law concerning the opportunity of an architect or an engineer to obtain a lien under the Ohio Mechanic's Lien statute, O.R.C. § 1311.26. *See*, Report at 2 (citing *Manpower, Inc. v. Phillips*, 173 Ohio St.2d 45, 179 N.E.2d 922 (1961)). As Plaintiff correctly argues, such a reliance of state law, in the context of interpreting a provision of the Miller Act, is questionable. In *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 127, 94 S.Ct. 2157, 2164, 40 L.Ed.2d 703 (1974), the Supreme Court held that since the Miller Act was silent on the issue of attorney's fees, such fees could not be awarded in a Miller Act case, and reference to state law to determine the availability of such fees was improper. The *Rich* decision has been subsequently interpreted to mean that state law is not an appropriate reference when the Miller

Act itself, rather than the contract between the parties, is to be interpreted. *See, United States ex rel. Georgia Electric Supply Co., Inc. v. U. S. Fidelity and Guaranty Co.*, 656 F.2d 993, 997 (5th Cir. 1981). *See also, United States ex rel. Astro Cleaning & Packaging Corp. v. Jamison Co.*, 425 F.2d 1281, 1282 n.1 (6th Cir. 1970) (same conclusion). Since the soundness of Defendants' motion requires an examination of Miller Act language, application of Ohio lien law is unnecessary. The Magistrate's brief reference to state law, not dispositive of his conclusion in any case, is thus regarded as unnecessary to his reasoning and need not be accepted by this Court. It might be noted, however, the Ohio lien law largely tracts the holdings of the federal case law set forth in the text. *See, Manpower, Inc. v. Phillips, supra; Robert V. Clapp Co. v. Fox*, 124 Ohio St. 331, 178 N.E. 586 (1931).

documents which allegedly indicated that, through May of 1980, Plaintiff performed work under the contract, including supervision and consultation. Probably the most important of these documents is an affidavit sworn to by Mr. Naberhaus (Doc. # 13), which states, *inter alia*, that Plaintiff performed "job-site consultation and job-site review" (Doc. # 13, ¶ (2)(d)) under the contract. Plaintiff also points out that the contract at issue provided that the final installment would be payable upon "release and payment by [the] general contractor." (Doc. # 10, Exh. 1, § 2). This provision, it is said, also indicates that possibility of job site services by the engineer was contemplated.

As the Magistrate correctly recognized, Report at 3, Defendants' summary judgment motion, made pursuant to Fed.R. Civ.P. 56, can only be sustained when the movant demonstrates conclusively that there exists no genuine issue of material fact, all evidence and inferences drawn therefrom having been construed in the light most favorable to the opposing party. *Heheman v. E. W. Scripps Co.*, 661 F.2d 1115, 1127 (6th Cir. 1981). Applying this standard, the Magistrate held as follows:

> Plaintiff has raised an issue of material fact as to the actual date of completion of the contract. This completion date controls the limitations period of the Miller Act, 40 U.S.C. § 270b(a), (b). Plaintiff also raises an issue of material fact as to whether the work it performed from the outset of the contract to May, 1980 consisted of services in the nature of supervision of inspection. If Plaintiff provided job site consultation and job site review, it may qualify for Miller Act coverage to the extent of its work as "supervisor" or "inspector." *See, American Surety Co. of N. Y. v. United States ex rel. Barrow Agee Laboratories, Inc., supra.* Rather than forfeiting Plaintiff's right to recover for the work accomplished in this case, we believe Plaintiff is entitled to it's day in court to offer evidence on the above

issues. Therefore, it is not appropriate to grant summary judgment at this time. Report at 3.

In their motion to review the Magistrate's Report and Recommendation (Doc. # 19), Defendants essentially advance the same arguments they advanced in support of their motion for summary judgment. Said arguments are not well taken. First, Defendants argue that the contract is "silent on the critical issue" of Plaintiff having performed supervisory or inspection services. However, as noted above, the contract does contain a rather open-ended provision for payment which, Plaintiff argues, can be construed to cover said services. Moreover, even if such a contract provision is said to be required, the contract at issue here could, conceivably, be considered modified by subsequent acts of the parties. *Cf.* 2 Corbin on Contracts, §§ 301–312 (1950 & 1980 Supp.).

Second, Defendants point out that the Naberhaus affidavit does not mention "supervision" or "inspection." While it is true that said terms are not *explicitly* used in the affidavit, the affiant did refer to "job-site consultation and job-site review," which could, arguably, cover acts such as "supervision" or "inspection." Drawing such an inference, as this Court must, in favor of Plaintiff, a talismanic reference to the aforementioned words is not required.

Finally, Defendants contend that several statements in the Williams affidavit are uncontradicted, notably the reference to the two brief visits to the job site by Naberhaus. Once again, however, the Naberhaus affidavit *does* mention acts done at the job site. Hence, the statements by Williams are not uncontradicted.

While not denominated as a "motion," Plaintiff's "Response to Defendants' Motion to Review the Report and Recommended Decision of the Magistrate" (Doc. # 20), agrees with the Magistrate's conclusion, but asks this Court to review the legal reasoning therein. Specifically, referring to its discussion of Miller Act case law in its memorandum contra Defendants' motion for summary judgment (Doc. # 14, pp. 6–

11), Plaintiff argues that a "straightforward" construction of the word "labor" in § 270b(a) should be adopted. Such a construction, Plaintiff contends, can only lead to the conclusion that *all* engineering services, such as those provided by Plaintiff, are covered by the Miller Act. Plaintiff dismisses the cases relied upon by Defendants—and cited by the Magistrate and in this opinion—as distinguishable on their facts.

Plaintiff's arguments are not well taken. It is true that Defendants' reliance on Ohio law is not compelling. *See*, footnote 2, *supra.* However, it is also true that federal case law has adopted an admittedly somewhat narrow definition of the term "labor" in § 270b(a), that is, covering only skilled professional work which involves actual superintending, supervision, or inspection at the job site. While these cases differ factually, in varying degrees, from the case herein, their legal analysis is squarely on point. Assuming that a "straightforward" interpretation of the Miller Act would support Plaintiff's theory that *all* professional services are covered, such an interpretation has been rejected by case law, and Plaintiff offers no substantial reason why these cases should be ignored.[3] Thus, Plaintiff can only recover on the payment bond herein (if at all), to the extent that it performed on-site services. To "integrate" the *entire* contract, so as to bring it under the Miller Act, would ignore the aforementioned interpretation of the word "labor" in § 270b(a).

For these reasons, the legal reasoning advanced by the Magistrate and the conclusion he recommends are sound and the same is adopted in its entirety by this Court.

III. CONCLUSION

Based on the foregoing analysis of facts and legal principles, the Court finds that the objections of Defendants to the Report and Recommendation of the Magistrate are not well taken, and the Court finds that

said Report and Recommendation should be adopted in its entirety. It is so ordered. Additionally, the Court finds it unnecessary to reject or clarify the legal reasoning in said Report, and also adopts the same in its entirety.

WHEREFORE, based on the aforesaid, this Court overrules Defendants' motion for summary judgment and remands this matter to the Magistrate for a trial on the merits. Since the original order of reference to the Magistrate (Doc. # 6) did not explicitly refer to a trial on the merits, said reference is hereby ordered amended to include citations to 28 U.S.C. §§ 636(b)(2)&(c). *See*, S.D.Ohio R. 2.4 & Wes.Div.Order 81–2. Should any of the parties in this case *not* consent to this procedure, they should so inform this Court, in writing, within fourteen days after entry and filing of the decision.

---

3. While state law is not controlling in this case, *see*, footnote 2, *supra*, it is interesting to note that the narrow interpretation of "labor" in § 270b(a) is not an aberration, as some state courts have similarly interpreted analogous state mechanic's lien statutes. *See*, 28 A.L. R.3d 1014 (1969 & 1981 Supp.).