UNITED STATES, for Use of GIBSON v. HARMAN et al.

No. 6336.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 14, 1951.

Decided Dec. 11, 1951.

Richard Newman, Newport News, Va. (Newman & Allaun, Newport News, Va., on the brief), for appellant.

Roy E. Cabell, Jr., Richmond, Va. (M. Wallace Moncure, Jr., Richmond, Va., on the brief), for appellee Travelers Indemnity Co.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and CHESNUT, District Judge.

PARKER, Chief Judge.

This is an appeal from a judgment for defendant in an action to recover on a bond filed under the Miller Act. 49 Stat. 793, 40 U.S.C.A. §§ 270a to 270d. Plaintiff sustained personal injuries while employed by a government contractor engaged in making repairs on buildings at Fort Eustis, Virginia. He was awarded compensation against his employer under the Virginia Workmen's Compensation Act, Virginia Code of 1950, Title 65, but was unable to collect the award either from his employer or from the compensation insurer because the employer was insolvent and had allowed the compensation insurance to lapse. Plaintiff thereupon brought this action to recover the amount of the award from the surety under the "payment" bond filed pursuant to the Miller Act. The District Judge dismissed the action on the ground that the bond did not cover liability for the award. We think that this was unquestionably correct.

The condition of the bond is that the contractor "shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract" and there is nothing in either the language or the history of the statute which would justify our extending the meaning of this language beyond the undertaking that payment shall

be made for such labor and materials. Specifically, there is no justification for extending its meaning to cover liability for personal injuries sustained by workmen or awards of compensation made on that account.[1] The act, like its predecessor, the Hurd Act, was intended to provide for those who furnish labor and materials for government construction protection analogous to that afforded by mechanics' and material furnishers' liens in the case of private construction;[2] and no one would suggest that such liens cover damages on account of personal injuries sustained by laborers or awards for compensation under workmen's compensation acts.

Public contractors are required by the Miller Act to furnish two separate bonds, one a "performance" bond for the protection of the United States, the other a "payment" bond for the protection of "persons supplying labor and material in the prosecution of the work". 40 U.S.C.A. § 270a. That the payment bond thus required was intended merely to provide for payment of claims for labor and materials that such persons may furnish, and not for the payment of other claims that may arise in their behalf, would seem to be clear enough from the language of the section of the statute requiring the bond to be given; but, if there could be any doubt as to this, it is removed when other provisions of the statute are considered. Thus 40 U.S.C.A. § 270b(a), which gives the right to sue on the bond, provides: "(a) Every person *who has furnished labor or material* in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title *and who has not been paid in full therefor* before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim

is made, *shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid* at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: \* \* \*." (Italics supplied).

Section 270c, which requires the Comptroller General to furnish information to persons protected by the bond, provides: "The Comptroller General is authorized and directed to furnish, to any person making application therefor who submits an affidavit *that he has supplied labor or materials for such work and payment therefor has not been made* or that he is being sued on any such bond, a certified copy of such bond and the contract for which it was given \* \* \*." (Italics supplied).

No cases are cited supporting the right to recover for personal injuries or awards of compensation under payment bonds filed pursuant to the Miller Act and we know of none. In United States for Use of Spencer v. Massachusetts Bonding & Ins. Co., 6 Cir., 18 F.2d 203, 204, on the other hand, it was held that a performance and payment bond filed under the former statute did not cover a judgment for wrongful death rendered in favor of the personal representative of an employee killed in the service of the contractor. The court said: "The contract and bond, rightly understood, contain no provisions tending to show that plaintiff or other claimants of like nature were intended to be included within its benefit and protection. The bond is in the usual form. It runs to the United States. Its penal clause binds the principal and sureties only to the United States. The conditions are only for the faithful performance of all undertakings, covenants, terms, and conditions of the contract of Norman Ker Company with the United States, copy of which is attached, and for the prompt payment to all persons supplying labor or materials in

---

1. Liability for such injuries is ordinarily covered by other insurance and coverage by compensation insurance is required by the Virginia statute. Code of 1950, § 65-99.

2. United States v. Munsey Trust Co., 332 U.S. 234, 241, 67 S.Ct. 1599, 91 L.Ed.

2022; United States v. Ansonia Brass & Copper Co., 218 U.S. 452, 471, 31 S. Ct. 49, 54 L.Ed. 1107; United States for Use of Hill v. American Surety Co., 200 U.S. 197, 203, 26 S.Ct. 168, 50 L.Ed. 437; Guaranty Co. v. Pressed Brick Co., 191 U.S. 416, 425, 24 S.Ct. 142, 48 L. Ed. 242.

the prosecution of the work provided for in that contract. The first part of these conditions runs exclusively to the United States, and is apparently designed to benefit and protect the United States and no other person. The second part of the condition is for the benefit of third persons of a certain class. Read in connection with the statute, it is apparent that this part of the condition is for the benefit and protection of all persons supplying labor or materials in the prosecution of the work, and that a right of action is thereby conferred upon them. * * *

"Obviously, plaintiff is not within the second part of the condition."

In United States to Use of Watsabaugh & Co. v. Seaboard Surety Co., D.C.Mont., 26 F.Supp. 681, 692, it was held that premiums paid for workmen's compensation insurance were covered by a Hurd Act bond; but this was on the theory that a statute required the taking out of such insurance and "that it was indispensable to * * * the work provided for in such contracts that such insurance should be provided", reasoning which will not support recovery for personal injuries or compensation awards. It should be noted, also, that even this holding is against that of practically all other decisions dealing with this matter, the general rule being that "in the absence of an express assumption of such liability by the surety on a contractor's bond, or of a statute expressly imposing such liability, the surety on a contractor's bond is not liable for workmen's compensation insurance premiums, the same not coming within the provisions of a bond covering indebtedness for labor or material." See notes 102 A.L.R. 135 and 164 A.L.R. 1468 and cases there cited. The question was before the Court of Appeals of the Second Circuit in United States, for Use of Sloan v. Rego Building Corporation, 87 F. 2d 1021, referred to by Judge Hulbert in United States, to Use and Benefit of New York Casualty Co. v. Standard Surety & Casualty Co., D.C., 32 F.Supp. 836, where he quotes the following from the opinion of Judge Coxe: "I think it is too plain for argument that insurance premiums on workmen's compensation and employer's liability policies are not within the protection of the Heard Act [Hurd Act], 40 U.S.C.A. § 270. These premiums are not 'labor and materials' and only persons who have furnished labor or materials are entitled to intervene. The motion to intervene is denied."

The case of Cantey v. Newell Contracting Co., 175 S.C. 74, 178 S.E. 342, 343, upon which plaintiff places some reliance, is of little, if any help to him. The bond there in question was a road contractor's bond given pursuant to a South Carolina statute and its undertaking was not only that the contractor would pay all debts pertaining to the work, which is broader than the undertaking to pay for labor and materials, but also that he would pay and discharge "all liabilities for injuries which have been incurred in and about the said construction". The court emphasized the importance of the language quoted in distinguishing the case before it from Roper Lumber Co. v. Lawson, 195 N.C. 840, 143 S. E. 847, 848, 67 A.L.R. 984.

We recognize that the statute is to be given a liberal construction so as to protect fully the furnishing of labor or materials for government work. Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163; Brogan v. National Surety Co., 246 U.S. 257, 38 S. Ct. 250, 62 L.Ed. 703; Ross Engineering Co. v. Pace, 4 Cir., 153 F.2d 35. We do not think, however, that the most liberal construction would justify the holding that a compensation award is within its coverage. Such an award is not within the language of the statute as it is neither labor nor materials; and it clearly does not fall within the legislative purpose which was to provide for those supplying labor and materials for government construction protection equivalent to that furnished in the case of private construction by mechanics and materialmen's liens.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.