**UNITED STATES of America For the Use of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP. Ltd.**

v.

**MAGUIRE HOMES, INC.**
and
**American Surety Company of New York.**

**Civ. A. No. 59–554.**

United States District Court
D. Massachusetts.

Oct. 6, 1959.

James H. Duffin, Boston, Mass., for plaintiff.

Philip R. White, Hutchins & Wheeler and Louis F. Eaton, Jr., Boston, Mass., for defendants.

WYZANSKI, District Judge.

This case is before the Court on the motion of American Surety Company that the complaint against it be dismissed. The gist of the matter can be briefly stated.

As to the claims against American Surety Company jurisdiction of this Court, if it exists, is premised on 28 U.S. C. § 1352 which provides that "The district courts shall have original jurisdiction, concurrent with State courts, of

---

any action on a bond executed under any law of the United States."

In this case suit was brought by the United States for the use of General Accident Fire and Life Assurance Corp. Ltd. against Maguire Homes, Inc. and American Surety Company. The claim against the latter is based upon six bonds in which it was surety for Maguire Homes, Inc. as principal.

■ The first of these bonds named Maguire Homes of Boston, Inc. and National Homes Acceptance Corporation as obligees; and the second named Maguire Homes of Providence, Inc. and National Homes Realty Corporation as obligees. There was no law of the United States requiring that any such bonds should be executed. Surely neither the Miller Act, 40 U.S.C.A. § 270a, nor the Capehart Act, 42 U.S.C.A. § 1594 applied, for those statutes contemplate bonds in which the United States is the obligee. Not being bonds executed under any law of the United States, this Court lacks jurisdiction under 28 U.S.C. § 1352. Rader v. Manufacturers Casualty Ins. Co., 2d Cir., 242 F.2d 419.

■ The third, fourth, fifth, and sixth bonds were given pursuant to the Miller Act. But in the case at bar the use plaintiff is seeking to maintain an action not for a material. claim or a labor claim but for insurance premiums for workmen's compensation bodily injury liability insurance and property damage liability. As to this aspect of the complaint this Court has jurisdiction. However, the claims presented are not within the substantive provisions of the Miller Act. See United States for Use of Gibson v. Harman, 4 Cir., 192 F.2d 999, 1001. And on the merits defendant American Surety Company is entitled to judgment.

Judgment to enter dismissing the complaint against American Surety Company on the ground that insofar as it is based on the bonds referred to in paragraphs 15 and 17 of the complaint this Court lacks jurisdiction, and on the ground that insofar as it is based on other bonds the complaint is without merit.