UNITED STATES of America, for the Use of BORDALLO CONSOLIDATED, INC., a corporation, and Bordallo Consolidated, Inc., a corporation, Plaintiffs,

v.

MARKOWITZ BROS. (DELAWARE), INC., a corporation, and Continental Casualty Company, a corporation, Defendants.

Civ. No. 102–65.

District Court of Guam.

Feb. 3, 1966.

Fred E. Bordallo, Agana, Guam, for plaintiff.

Vicente C. Reyes, Alberto T. Lamorena, Agana, Guam, for defendants.

SHRIVER, District Judge.

The parties have stipulated as to the facts. The defendant, Markowitz, purchased from the plaintiff, Bordallo, Workmen's Compensation Insurance. The premiums on such insurance totaled $8,023.46 and it is stipulated that judgment shall be entered against Markowitz for that sum. A total amount of $6,418.-76 of the above amount represented premiums for Workmen's Compensation furnished to Markowitz in connection with United States Government contracts. Continental furnished the payment bonds and Bordallo contends that Workmen's Compensation premiums are within the terms of the Miller Act, 40 U.S.C.A. § 270a. The contracts in question required that Workmen's Compensation Insurance should be furnished by Markowitz but the payment bonds were in the usual form covering "Persons supplying labor and material in the prosecution of the work provided for in said contract."

The question as to whether Workmen's Compensation premiums come within the protection of 40 U.S.C.A. § 270a(a) (2) has not been specifically determined by the Supreme Court. The plaintiff relies upon United States for Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957). In Carter the Court reversed the United States Court of Appeals for the Ninth Circuit, 229 F.2d 645, and held that the Miller Act covered an agreement between the contractor and a labor organization under the terms of which the contractor agreed to pay into a trust fund for the benefit of the employees. Action had been brought by the trustee of the trust fund. It seems clear that the Court considered the obligation to make such payments as being part of the compensation due the workers.

The unpaid contributions were a part of the compensation for the work to be done by Carter's employee's. The relation of the contributions to the work done is emphasized by the fact that their amount was measured by the exact number of hours each employee performed services for Carter. Not until the required contributions have been made will Carter's employees have been 'paid in full' for their labor in accordance with the collective-bargaining agreements.

The earliest case appears to be United States, to Use of Watsabaugh & Co. v.

Seaboard Surety Co., 26 F.Supp. 681 (D.C.Mont.1938), in which the District Court held that such payments came within the protection afforded by the Heard Act, the predecessor of the Miller Act. The Court said

It follows that it was indispensable to the prosecution of the work provided for in such contracts that such insurance should be provided; it cannot be doubted that the insurance was wholly consumed in that work; and in my opinion a charge for the premium promised to be paid for such insurance but which was not paid falls within the limits of the Heard Act, Sec. 270, Title 40, U.S.C., 40 U.S.C.A. § 270, and the obligation assumed by the defendant Seaboard Surety Company.

The result is that the necessary cost of providing Workmen's Compensation Insurance for the protection of laborers employed by them to do the work that they were required to do under the terms and provisions of the agreement between A. M. Lundberg and Watsabaugh & Company should be charged against the latter.

In United States, to Use and Benefit of New York Casualty Co. v. Standard Surety & Casualty Co. of New York et al., 32 F.Supp. 836 (D.C.N.Y.1940), the Court refused to follow Seaboard and stated

In U. S. for Use of Sloan v. Rego Building Corp. et al. (affirmed on appeal, without opinion, 2 Cir., 87 F.2d 1021) my colleague Judge Coxe said: "I think it is too plain for argument that insurance premiums on workmen's compensation and employer's liability policies are not within the protection of the Heard Act. [Hurd Act], 40 U.S.C.A. § 270. These premiums are not 'labor and materials' and only persons who have furnished labor or materials are entitled to intervene. The motion to intervene is denied."

I regard this as conclusive in my disposition of the motions before me, notwithstanding the persuasive argument of counsel for the plaintiff based upon the decision of Judge Baldwin in U. S., to Use of Watsabaugh & Co. v. Seaboard Surety Co. et al., D.C.Mont., Butte Division, 26 F.Supp. 681.

In United States, for Use of Gibson v. Harman, 192 F.2d 999 (4 Cir. 1951), the Court was confronted with a situation wherein the contractor had permitted the compensation insurance to lapse. An injured workman was awarded compensation against his employer and began his action to recover the amount of the award from the surety under the payment bond filed pursuant to the Miller Act. The Court held that the payment of compensation awards was not covered and then proceeded to consider the question of compensation insurance:

In United States, to Use of Watsabaugh & Co. v. Seaboard Surety Co., D.C.Mont., 26 F.Supp. 681, 692, it was held that premiums paid for workmen's compensation insurance were covered by a Hurd Act bond; but this was on the theory that a statute required the taking out of such insurance and "that it was indispensable to * * * the work provided for in such contracts that such insurance should be provided", reasoning which will not support recovery for personal injuries or compensation awards. It should be noted, also, that even this holding is against that of practically all other decisions dealing with this matter, the general rule being that "in the absence of an express assumption of such liability by the surety on a contractor's bond, or of a statute expressly imposing such liability, the surety on a contractor's bond is not liable for workmen's compensation insurance premiums, the same not coming within the provisions of a bond covering indebtedness for labor or material." See notes 102 A.L.R. 135 and 164 A.L.R. 1468 and cases there cited. The question was before the Court of Appeals of the

Second Circuit in United States, for Use of Sloan v. Rego Building Corporation, 87 F.2d 1021, referred to by Judge Hulbert in United States, to Use and Benefit of New York Casualty Co. v. Standard Surety & Casualty Co., D.C., 32 F.Supp. 836, where he quotes the following from the opinion of Judge Coxe: "I think it is too plain for argument that insurance premiums on workmen's compensation and employer's liability policies are not within the protection of the Heard Act [Hurd Act], 40 U.S.C.A. § 270. These premiums are not 'labor and materials' and only persons who have furnished labor or materials are entitled to intervene. The motion to intervene is denied."

This Court must reluctantly conclude that the weight of authority is to the effect that Workmen's Compensation Insurance is neither labor nor material within the purview of the Miller Act. It is ordered that the action is dismissed as to Continental Casualty Company. The plaintiff shall prepare judgment against Markowitz and settle within ten days.