Irving SHUMAN and Sidney Heyman

v.

Murray H. SHERMAN et al.

Civ. No. 71–1141.

United States District Court,
D. Maryland.

March 29, 1973.

Jacob Sheeskin, Robert E. Reiver, and Sheeskin, Hillman & Berry, Langley Park, Md., for plaintiffs.

James L. Thompson and Miller, Miller & Canby, Rockville, Md., for defendant Sherman.

Nelson Deckelbaum and Deckelbaum & Wolpert, Rockville, Md., for all other defendants.

FRANK A. KAUFMAN, District Judge.

Plaintiffs instituted the instant suit on October 15, 1971, alleging that the sale by defendants to plaintiffs on or about October 17, 1968·[1] of limited partnership interests in a real estate development violated both the Federal Securities Act of 1933 [2] and the laws of Maryland. At the time suit was filed the partnership interests were conceded to be worthless.

## I.

The threshold obstacle which plaintiff must surmount in order to maintain this action is the bar of limitations, pleaded by defendants. Determination of the applicability *vel non* of the appropriate statutes of limitation herein requires analysis of all three counts of the original complaint.

Plaintiffs have moved for summary judgment. Defendants have moved for dismissal, or in the alternative for summary judgment, asserting, *inter alia,* that plaintiffs' federal claims are barred by limitations. They first directed those motions to plaintiffs' original complaint and subsequently to their amended complaint.[3] Because "matters outside the pleadings" (Federal Civil Rule 12(b)) have been presented and are considered herein, all of those pending motions and the principal issues raised by them, *i. e.,* limitations,[4] are treated and disposed of pursuant to Federal Civil Rule 56.

Count I asserts jurisdiction pursuant to Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v, and alleges, *inter alia:*

* * * [N]o registration statement was ever filed with the Securities and Exchange Commission or was in effect with respect to said securities, partnership interest and investment contracts at any time.[5]

Violation of the registration requirements of the '33 Act subjects the offender to civil liability under Section 12(1) of the 1933 Securities Act (15 U.S.C. § 77l(1)).[6] However, liability predicated

1. There is no dispute among the parties as to the date of sale. That date was in fact October 17, 1968.

2. The contention is made that the limited partnership interests sold to plaintiffs herein are not securities within the contemplation of the 1933 Act, and that therefore that Act has no application to this case. However, this Court need not reach that question, for assuming, *arguendo* only, that the partnership interests *are* securities, *see* n. 8 *infra,* defendants, for reasons set forth in this opinion, are entitled to dismissal on other grounds.

3. *See* n. 11, *infra.*

4. Limitations may be raised by a motion to dismiss pursuant to Fed.R.Civ.P. 12 (b) or by a motion for summary judgment pursuant to Fed.R.Civ.P. 56, as well as by an answer. 2A J. Moore, Federal Practice ¶ 8.28, pp. 1863–66; 1A Barron and Holtzoff, Federal Practice & Procedure § 279, pp. 169–173 (Wright ed. 1960).

5. The requirement of registration is imposed by Section 5 of the '33 Act, 15 U.S.C. § 77e(a) which provides:

(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

6. That section provides:

Any person who—

(1) offers or sells a security in violation of section 77e of this title, or

* * * * *

shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

upon a violation of Section 12(1) is subject to the limitations provisions of Section 13 of the '33 Act, 15 U.S.C. § 77m, which provides a one-year period with relation to Section 12(1) suits.[7] Thus, the statute of limitations for the Section 12(1) offense charged by Count I, *i. e.*, sale of an unregistered stock through the mails, grants only a one-year period after the offense (sale) in which suit must be instituted. Since this suit was instituted but two days short of three years after the sale, Count I is barred by limitations.

### II.

■ Count III of the complaint both incorporates and follows the language of Count I, but has as its gravamen the failure of the defendants to register the securities as required by the Maryland Securities Act (Md.Ann.Code art. 32A, §§ 1–44).[8] Section 19 of Article 32A requires registration of all securities sold in Maryland not specifically exempted by Section 26, and Section 34(a)(1) subjects those who violate the registration requirement to civil liability. However, Section 34(e)'s limitation provisions are, in relevant part, identical to their federal counterpart, *i. e.*, Section 13 of the '33 Act, and require that any suit to enforce the civil liability imposed by Section 34(a)(1) be commenced within one year of the alleged violation. Therefore, Count III is barred by the applicable statute of limitations, as is Count I.

### III.

■ There remains Count II in which plaintiffs allege:

\* \* \* [P]ursuant to \* \* \* the Agreement of Limited Partnership for COLUMBIA DEVELOPMENT ASSOCIATES, all books of account were to be open and available to the Plaintiffs, however, after repeated requests the Plaintiffs were never given an explanation of many transactions that occurred between the Defendants and other entities under their control.

After subsequent paragraphs in which it is alleged that plaintiffs did not receive an explanation of six transactions entered into by the partnership at a time *subsequent* to plaintiffs' purchases of their partnership interests, Count II concludes with the allegation that—

The Defendants breached their fiduciary and trust relationship with the Plaintiffs by not disclosing vital information to the Plaintiffs. This amount [sic] to substantial and irreparable harm to the Plaintiffs.

The limited partnership agreement required the partnership to maintain books and records and to make them, plus reports, available to all parties. In essence, Count II is a demand for an accounting. Such an action, based on Maryland law, is not barred in this case by the applicable statute of limitations, for Md.Ann.Code art. 57, § 1 provides a period of three years in which such suits may be filed. Thus, there is a state law claim presented by Count II which is not barred by limitations.

■ This Court would exercise pendent jurisdiction over the above-mentioned state law claim, even though diversity does not exist, if there were a viable federal claim presented in this case. United Mine Workers v. Gibbs,

---

7. No action shall be maintained \* \* \* to enforce a liability created under section 77*l*(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77K or 77*l*(1) of this title more than three years after the security was bona fide offered to the public, or under section 77*l*(2) of this title more than three years after the sale.

8. There is authority suggesting that Maryland treats interests in real estate syndications as "investment contracts", the offer and sale of which constitute the sale of a "security" within the meaning of Section 25(*l*) of the Maryland Securities Act, Md.Ann.Code art. 32A, §§ 1–44. *See* Maryland Securities Act Release No. 1 (August 8, 1967), reported in C.C.H.Federal Securities Law Reports ¶ 77.462.

383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). However, in *Gibbs*, Mr. Justice Brennan stressed that where all federal claims are dismissed before trial, the federal court should not exercise pendent jurisdiction over the remaining state law contentions.[9] Accordingly, viewing Count II as based only upon state law, this Court will not exercise pendent jurisdiction herein.

## IV.

■ But, plaintiffs additionally contend that Count II alleges a claim grounded upon Section 12(2) of the Securities Act of 1933.[10] The only language to which plaintiffs point in suggesting that a violation of Section 12(2) has been stated is the language of Count II (quoted *supra* at p. 913), which includes a reference to violation of the "fiduciary and trust relationship" which arose out of the *execution* of the partnership agreement. Such violation has no relation, as a Section 12(2) claim must, to the *sale* of the limited partnership interests to plaintiffs. All of the information defendants are alleged not to have disclosed relates to conduct of the affairs of the partnership occurring

9. Thus, Mr. Justice Brennan wrote in *Gibbs*:

* * * Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . ," U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. Levering & Garrigues Co. v. Morrin, 289 U.S. 103 [53 S.Ct. 549, 77 L.Ed. 1062]. * * * [383 U.S. *supra* at 725, 86 S. Ct. at 1138; emphasis in original; footnote omitted.]

That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188]. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.* Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. * * * [383 U.S. *supra* at 726–727, 86 S.Ct. at 1139; emphasis added; footnotes omitted.]

10. That section (15 U.S.C. § 77*l*(2)), provides:

Any person who—

* * * * *

(2) *offers or sells a security* (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, *by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements*, in the light of the circumstances under which they were made, *not misleading* (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,

shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security. [Emphasis supplied.]

well after the sale was consummated. Further, plaintiffs have made no allegation that that conduct was contemplated by defendants, or any of them, at the time of sale and thus should have been disclosed prior thereto.

## V.

■ Plaintiffs' amended complaint does state a cause of action under Section 12(2) of the Securities Act of 1933. Plaintiffs seek to have such amendment relate back to the date of the institution of this suit.[11] If such relation back is permitted, the alleged 12(2) cause of action would not be barred by the *three-year* maximum limitations period of Section 13.[12] However, in order for the amended complaint to receive relation back treatment, it must comply with Rule 15(c) of the Federal Rules of Civil Procedure, which provides:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

In Jackson v. Airways Parking Company, 297 F.Supp. 1366 (N.D.Ga.1969), Judge Edenfield charted the landmarks of Rule 15(c) and emphasized that an amended complaint, in order to relate back, must relate to "a certain range of matters . . . in controversy" concerning which the original complaint "put the defendant on notice . . ." (at 1382).[13]

11. After this Court informed counsel of this Court's tentative conclusion that the only federal claim stated by the original complaint, *i. e.*, Count I under Section 12(1), was barred by limitations, plaintiffs sought leave to file a single-count amended complaint alleging only a violation of Section 12(2) of the 1933 Securities Act. Leave to file that amended complaint was granted by this Court. However, that document, which alleges misrepresentations and omissions by defendants more than ten months prior to the time of the purchase-sale transaction, stands in stark contrast to the original complaint alleging in Counts I and III failure to register and Count II a state law breach of contract claim relating to a time period considerably subsequent to the time of purchase and sale.

12. However, that cause of action might still be barred by § 13's requirement that suit be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence", a factual issue which this Court need not reach herein.

13. Judge Edenfield wrote (at 1382–1383): * * * The point of Rule 15(c) is that it is fair to have an amended complaint relate back *if the initial complaint put the defendant on notice that a certain range of matters was in controversy and the amended complaint falls within that range.* The "cause of action" doctrine is an unduly restrictive interpretation of Rule 15(c). It does not do jus-

tice to the actual statutory language. Notice, not mechanical notions of cause of action for *res judicata* purposes, is the key. As the Fifth Circuit put it:
"When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement." Barthel v. Stamm, 145 F.2d 487, 491 (5th Cir., 1944), cert. den., 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1945).
Leading commentators now recognize that *if the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant cannot be heard to complain of the amended complaint arising out of the same transaction.* 3 Moore, ¶ 15.15[2]. * * * The Federal Rules broadened the concept of a "cause of action". An amendment which changes only the legal theory of the action or adds another claim arising out of the same transaction will relate back. 3 Moore, ¶ 15.15 [3]. * * *
As Professor Moore puts it,
"Also rejected are various mechanical rules which sometimes have been used in applying Rule 15(c), such as whether evidence on the new claim could have been offered under the original pleadings, whether a judgment on the old or the new claim would bar the other and whether the same defense could be offered against both claims. Such rules

Count II of the original complaint did not put defendants on notice that plaintiffs were attacking statements made in a pre-sale proposal sent to them seven to eighteen months *prior* to the events complained of in Count II. In the amended complaint which plaintiffs have filed they confine themselves to allegations of alleged untrue statements and misleading material omissions, which occurred prior to sale. But there is no reference to those statements or omissions in any count of the original complaint, and certainly not in Count II. Accordingly, the amended complaint cannot be related back on the basis of the contentions plaintiffs have advanced.

### V.

■ The question remains as to whether Count I's allegation of failure to register the securities involved was sufficient to put defendants on notice that "a certain range of matters was in controversy", and that the misstatements or omissions now alleged to constitute the Section 12(2) claim were fairly within that ambit of notice. Plaintiffs have not specifically made such contention. However, in any event,

the answer to that question must be in the negative. Judge Edenfield's recognition (at 1382) that:

> \* \* \* if the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant cannot be heard to complain of the amended complaint arising out of the same transaction [14]

requires that a defendant be fairly put on notice of the general fact situation involved. In this case, plaintiffs' original Count I referred specifically to activities within the time frame of October 15–17, 1968 only. [15] In the amended complaint, the alleged Section 12(2) violation recites activities occurring in the time frame of January/February, 1968, ten months prior to the activities complained of in the original complaint.[16] Further, the amended complaint sets forth allegations which are not only different in time and kind from those in the original complaint, but which also are more general than the original complaint's particularized claim of lack of registration. Thus, this case presents the obverse of the situation in United States ex rel. Ross v. Somers Construction Co., 184 F.Supp. 563, 567 (D.Del. 1960), in which the Court wrote: "The

---

are properly rejected, since they largely reflect attempts to limit relations back to the same 'cause of action', when the Rule has abandoned the concept in favor of the 'same transaction or occurrence' test." 3 Moore, ¶ 15.15[3], at 1038.

14. *See* n. 12, *supra.*

15. Count I of the original complaint reads as follows:

> On or about *October 15, 1968*, the Defendants, using the mails and other means of communication, in interstate commerce solicited the Plaintiffs to buy certain limited partnership interests (investment contracts) in the COLUMBIA DEVELOPMENT ASSOCIATES, a limited partnership formed pursuant to the Limited Partnership Act in force in the State of Maryland. That on or about *October 17, 1968*, Plaintiff, SHUMAN, paid $9,000.00 to the Defendants for a one (1%) percent limited partnership interest in COLUMBIA DEVELOPMENT ASSOCIATES and Plaintiff,

HEYMAN, paid $4,500.00 to Defendants for a one-half (½%) percent interest in said partnership. \* \* \* [Emphases supplied.]

16. The amended complaint reads as follows:

> That during the months of January and/or February, 1968, the Defendants using the mails and other means of communication in interstate commerce, solicited the Plaintiffs to buy certain limited partnership interests in the COLUMBIA DEVELOPMENT ASSOCIATES, a limited partnership formed pursuant to the Limited Partnership Act in force in the State of Maryland. As part of the solicitation, the Defendants forwarded, to the Plaintiffs, without ever filing a Registration Statement with the Securities Exchange Commission, a Proposal, which is marked Exhibit #1 and is incorporated herein, and an Analysis of Investment and Performance of the Projected Rental Townhouses and Garden Apartments . . . .

complaint gave the defendants fair warning that suit was being brought against them under the Miller Act, and the amendment does nothing more than particularize the general allegations set forth in the complaint." To that same effect, *see* United Banana Co. v. United Fruit Co., 172 F.Supp. 580, 586 (D. Conn.1959). It is also to be noted that the very natures of the underlying purposes of Sections 12(1) and 12(2) are dissimilar. Section 12(1) exists for the prophylactic purpose of insuring registration; Section 12(2) exists to provide a remedy to a wronged purchaser who, while not strictly required to prove reliance upon an omission or misstatement by defendant, Johns Hopkins University v. Hutton, 422 F.2d 1124 (4th Cir. 1970), reversing and remanding on other grounds, 297 F.Supp. 1165, 1222–1223 (D.Md.1968), must prove that the defendant was guilty of a misstatement or an omission of "information about which 'an average prudent investor ought reasonably to be informed before purchasing the security * * *'". Demarco v. Edens, 390 F.2d 836, 840 (2d Cir. 1968), cited with approval by the Fourth Circuit in *Hopkins*, 422 F.2d *supra* at 1128–1129.

Finally, in this case, it is apparent that any notice to the defendants provided by the filing of the original complaint was accompanied by facially apparent evidence that the only allegations referring to the sale of the securities, *i. e.*, allegations re failure to register, were barred by limitations and had been so barred for more than one year and eleven months before this proceeding was commenced.

Accordingly, this Court holds, for the reasons stated in this opinion, that the amended complaint by plaintiffs does not relate back pursuant to Fed.R.Civ.P. 15(c), that the sole federal question raised by the original complaint is barred by limitations, and that the exercise of pendent jurisdiction over the state law claim is inappropriate.