**UNITED STATES of America For The Use and Benefit of COBB–STRECKER–DUNPHY & ZIMMERMAN, INC., Appellant,**

v.

**M.A. MORTENSON COMPANY, Federal Insurance Company, and Employers Insurance Company of Wausau, a mutual company, Appellees.**

No. 89–5147.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1989.

Decided Jan. 23, 1990.

Eric W. Forsberg, Minneapolis, Minn., for appellant.

Gregory M. Bistram, St. Paul, Minn., for appellees.

Before WOLLMAN and HEANEY, Circuit Judges, and McMILLAN,* Senior District Judge.

McMILLAN, Senior District Judge.

Cobb–Strecker–Dunphy & Zimmerman, Inc. ("Cobb"), appeals the decision of the United States District Court for the District of Minnesota[1], dismissing Cobb's claims for payment of workers' compensation and general liability insurance premiums under the Miller Act, 40 U.S.C. 270a–d, 706 F.Supp. 685. The district court also denied Cobb's motion for summary judgment, and dismissed its pendent state law claims.

On appeal, Cobb contends that workers' compensation and general liability insurance premiums are compensable items under the Miller Act, and that the district court erred in dismissing its claims. We disagree, and affirm the decision of the district court.

---

* The HONORABLE JAMES B. McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation.

1. The HONORABLE HARRY H. MacLAUGHLIN, presiding.

## I. BACKGROUND

Cobb is an insurance agency located in Minneapolis. Prior to this action, Cobb provided various types of insurance coverage for its clients, which included Hayes Contractors, Inc. ("Hayes"), a Minneapolis construction company. For several years, Cobb secured workers' compensation and general liability insurance for Hayes. These policies covered a period of one year, and the insurance covered all of Hayes' job sites.

M.A. Mortenson Company ("Mortenson") is a Minnesota contractor. On September 28, 1984, Mortenson entered into a contract with the United States of America and the Veterans Administration to serve as the general contractor in the construction of a Veterans Administration Medical Center in Minneapolis.

In connection with the Veterans Administration project, and pursuant to the provisions of the Miller Act (40 U.S.C. §§ 270a–270d), Mortenson (as principal) and Federal Insurance Company (as surety) executed a payment bond in the amount of $2.5 million. The purpose of the payment bond is to protect all persons supplying labor and material in the prosecution of the government contract. 40 U.S.C. § 270a(a)(2).

On November 26, 1984, Mortenson hired Hayes as a subcontractor on the Veterans Administration project. Pursuant to the terms of the subcontract, Hayes agreed to complete the mechanical, water, storm and sanitary sewerage systems for the project. Hayes was also required to furnish Mortenson with an acceptable payment bond. Hayes (as principal) and Employers Insurance of Wausau (as surety) executed and delivered to Mortenson a subcontract payment bond in the amount of $25 million.

Construction began on the Veterans Administration Medical Center. On February 18, 1988, Hayes filed a Chapter 11 Bankruptcy Petition. At the time of the petition, Hayes owed Cobb more than $900,000 for unpaid insurance premiums. These premiums were incurred during the policy years July 1, 1986–1987 and July 1, 1987–1988, yet the premiums remained unpaid by Hayes in February, 1988.

Under the provisions of the Miller Act, Cobb now seeks to recover these unpaid premiums from the general contractor and the sureties involved in the Veterans Administration project. Cobb's theory of recovery is that workers' compensation and general liability insurance premiums constitute "labor or materials" furnished for the prosecution of work in the Veterans Administration Medical Center.

Using the payroll information provided by Hayes, Cobb argues that unpaid insurance premiums may be attributed to individual construction projects. Using this method of calculation, Mr. Telander, the president of Cobb, calculates that $317,388 of the unpaid premiums can be attributed to the work performed by Hayes on the Veterans Administration project. Cobb seeks to recover that sum, plus interest, from the appellees.

Appellees argue, and the district court held, that workers' compensation and general liability insurance premiums do not constitute "labor or materials" as those terms are used in the Miller Act. They conclude that general contractors and sureties are not liable for unpaid insurance premiums when a subcontractor on a government contract defaults. We agree with the appellees, and accordingly affirm the decision of the district court.

## II. DISCUSSION

### A. Labor And Materials Under The Miller Act

Section 270b(a) of the Miller Act provides:

Every person who has furnished *labor or material* in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under sections 270a to 270d of this title ... shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him.

40 U.S.C. § 270b(a) (Emphasis added).

In support of its contention that workers' compensation and general liability insur-

ance premiums constitute "labor or materials" within the scope of the Miller Act, appellant begins with the premise that the legislation is remedial in nature and should be construed liberally by the courts. *F.D. Rich Co., Inc. v. U.S. for Use of Industrial Lumber Co., Inc.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). However, the district court correctly recognized that adherence to the principle of liberal construction is not without limitation, and courts should not ignore plain words of limitation and impose wholesale liability on sureties. *Clifford F. MacEvoy Co. v. U.S. for Use of Calvin Tomkins Co.,* 322 U.S. 102, 107, 64 S.Ct. 890, 893, 88 L.Ed. 1163 (1944); *U.S. for Use of Excavation Const., Inc. v. Glenn–Stewart–Pinckney Builders & Developers, Inc.,* 388 F.Supp. 289, 296 (D.Del.1975). Unless appellant's claims are for "labor or materials" furnished for the prosecution of work on the Veterans Administration Medical Center, Cobb's Miller Act claim must fail.

Appellant argues that workers' compensation and comprehensive general liability insurance premiums are components of "labor," and thus are compensable under the Miller Act. In support of this contention, appellant asserts that the insurance premiums are calculated on the basis of payroll information; that insurance premiums are lienable items under some states' laws; and that the insurance coverage is required by state law before beginning construction. Therefore, appellant concludes that the cost of insurance is a necessary component of labor and is covered by the Miller Act.

Cobb cites the early case of *U.S. for Use of Watsabaugh & Co. v. Seaboard Surety Co.,* 26 F.Supp. 681 (D.Mont.1938), aff'd, 106 F.2d 355 (9th Cir.1939) as authority for its position. *Seaboard Surety* held that workers' compensation insurance was required by state law, and as such was indispensable to construction work. Therefore, premiums for such insurance were a component of "labor" and recoverable under the Heard Act, the predecessor statute to the Miller Act. *Seaboard Surety,* 26 F.Supp. at 692. Unfortunately for the appellant, *Seaboard Surety* represents the minority view, and its overexpansive interpretation of the words "labor or materials" has been rejected in the overwhelming majority of cases decided since that decision. We believe that *Seaboard Surety* is an overexpansive reading of the Heard Act and its progeny, and it should not be followed.

More persuasive are the cases representing the majority view. In *U.S. for Use of David West v. Peter Kiewit & Sons, Co.,* 235 F.Supp. 500 (D.Alaska 1964), an insurance agent sought recovery under the Miller Act for workers' compensation premiums owed by a subcontractor on a federal project. On a motion to dismiss, the court rejected the plaintiff's claims against the general contractor and its surety, holding that workers' compensation premiums are not "labor or materials" as those terms are commonly defined and used in the Act. *Peter Kiewit & Sons,* 235 F.Supp. at 502. In arriving at this result, the court considered, and expressly rejected, the reasoning in *Seaboard Surety.*

Similarly, in *U.S. for Use of Bordallo Consolidated, Inc. v. Markowitz Bros., Inc.,* 249 F.Supp. 610 (D.Guam 1966), an insurance company sought recovery under the Miller Act for unpaid workers' compensation insurance premiums. In granting the surety's motion to dismiss, the court ruled that workers' compensation premiums were not "labor or materials" within the established scope of the Act. *Markowitz Bros., Inc.,* 249 F.Supp. at 612.

In the only circuit court opinion on the subject, the Fourth Circuit Court of Appeals decided that unless the surety expressly assumed liability for workers' compensation premiums in the bond, or unless a statute expressly imposed such liability on the surety, then a surety is not liable for such premiums under the terms of the Miller Act. *U.S. for Use of Gibson v. Harman,* 192 F.2d 999, 1001 (4th Cir.1951).

Other cases have denied recovery for unpaid workers' compensation premiums under the Miller Act, deciding that these premiums did not constitute "labor or materials" as those terms are used in the statute. *See, e.g., U.S. for Use of General Accident*

*Fire & Life Assurance Corp. v. Maguire Homes, Inc.,* 186 F.Supp. 659 (D.Mass. 1959). Moreover, courts have held that comprehensive liability insurance premiums are not "labor or materials" within the meaning of the Miller Act. *See, e.g., U.S. ex rel. Southern G–F Co. v. Landis & Young,* 16 F.Supp. 832 (W.D.La.1935); *U.S. for Use and Benefit of New York Casualty Co. v. Standard Surety & Casualty, Co.,* 32 F.Supp. 836 (S.D.N.Y.1940).

We believe that the majority view rationally limits the scope of the Miller Act to its intended meaning, and conclude that workers' compensation and general liability insurance premiums are not "labor or materials" as those terms are used in the Miller Act.

### B. The Functional Analysis Approach

Appellant also argues that even if a particular item can not be "linguistically squeezed" into the words "labor or materials," this court should adopt a "functional" analysis. Using this approach, Cobb would have us ask whether the contribution is necessary for the fulfillment of the government contract, and whether the contribution is consumed in the construction project.

No court has applied the functional analysis to decide whether workers' compensation and general liability insurance premiums are recoverable under the Miller Act. Instead, courts have decided whether these contributions fall within the plain language of the statute. Nevertheless, even if this court adopts Cobb's suggested approach, these insurance premiums fail to qualify for Miller Act protection.

Workers' compensation and general liability insurance premiums are not "consumed" during the course of construction, in any real sense. The record indicates that these insurance premiums were calculated on an annual basis, with a flat premium charged for the years July 1, 1986–1987 and July 1, 1987–1988. It was only *after* Hayes filed its petition in bankruptcy that appellant decided to allocate these premiums on a job-to-job basis. In essence, these policies were not secured by Hayes for work on the Veterans Administration Medical Center project, or any other project for that matter. Instead, Cobb charged a single premium for insurance coverage for a one year term, and this insurance coverage, and the commensurate premiums, were not "used up" on a job-to-job basis. Therefore, it seems dubious to conclude that these insurance premiums were "indispensable to the prosecution of the work and used exclusively in the performance of the work" as required by the functional analysis. *Brogan v. National Surety Co.,* 246 U.S. 257, 263, 38 S.Ct. 250, 252, 62 L.Ed. 703 (1918).

The decision of the district court is AFFIRMED.